YAZOO & MISSISSIPPI VALLEY RAILWAY COMPANY *v.* JONES.

[71 South. 309.]

1. RAILROADS. *Killing of stock. Sufficiency of evidence. ·Negligence.*

In a suit against a railroad company for the negligent killing of stock by its running train, where the defendant showed just how and under what circumstances the stock was injured by its running train and it appears that the engineer and train crew did everything possible to avoid striking the animals after the stock was seen on the track, in such case the defendant railroad company, was not liable.

2. SAME.

There is no obligation on the servants of a railroad company to keep a look-out for trespassing stock.

APPEAL from the circuit court of Bolivar county.
HON. W. A. ALCORN, Judge.

Suit by J. Carl Jones against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals.

The suit was filed in the circuit court for damages on account of the alleged negligent killing of two mules belonging to the appellee, and resulted in a judgment against appellant, from which it appeals.

The accident occurred at night. The only evidence introduced by plaintiff shows that the mules had run down the track and had evidently been struck by the train. Both of them had their backs and legs broken. They were found standing some distance from the track a short time after the cannon ball train had past, which was about three-thirty a. m. The appellant's engineman testified that he was running his train about fifty miles an hour in the country, and that he was in his proper place on the engine, keeping a lookout ahead, and that his headlight revealed the mules on the track about four hundred or five hundred feet ahead of the train; that the engine was properly equipped and all

equipment was working well; that he immediately shut off the steam, blew the stock alarm, and applied the emergency brakes, and did all that he could do to prevent the accident, but that the train could not have been stopped in less than twelve hundred feet after the brakes had been applied, and that the mules were struck by the engine before the engine could be stopped; that the train ran about five hundred feet after he first discovered the mules until they were struck; that they were running up the track when overtaken and struck; and that the accident was unavoidable. On appeal it is contended that the court should have granted a peremptory instruction for the railroad company.

*Mayes & Mayes*, for appellant.

*D. J. Allan, Jr.*, for appellee.

COOK, P. J., delivered the opinion of the court.

We have examined the evidence taken at the trial of this case, and it seems clear to us that the defendant below met the burden imposed by the *prima facie* statute. The defendant showed just how and under what circumstances the mules were injured by the running train. It appears that the engineman did everything possible to avoid striking the animals after he saw them. We can find nothing in the testimony of plaintiff's witnesses in conflict with the testimony of the engineman. We may admit all that plaintiff's evidence tends to prove, and yet we are unable to see wherein the defendant's witnesses are contradicted. It stands undisputed that the train crew were not negligent when they discovered the mules on the track.

There is no obligation on the servants of the company to keep a lookout for trespassing stock. We think the engineman gave a perfectly valid reason for his not seeing the mules earlier, and we can find no facts or circumstances warranting a belief that he falsified. We

are unable to say that the engineman's statement of the facts is unreasonable, in the absence of any evidence tending to a contradiction thereof, and we find no such evidence in the record.

*Reversed and remanded.*